JUSTICE GRAY
specially concurring.
I concur in the Court’s opinion on issue one and specially concur in that opinion on issue two.
I agree that an independent cause of action for negligent misdiagnosis and misplacement of a special education student remains viable in Montana. While the IDEA sets forth comprehensive procedural safeguards and remedial provisions for alleged violations of that Act, it is not inconceivable that an action in tort could allege and prove negligence separate from, and not coextensive with, conduct which would violate the specific federal requirements contained in the IDEA. To the extent any such negligence caused damage to a special education student, that student should be entitled to recover. It is my view, however, that most IDEA-based cases will involve the same conduct as would be alleged under an independent tort action and, to that extent, I would hope that special education students continue to assert IDEA claims, in order to ensure that they receive the education required by the IDEA which is so critical to their futures, rather than independent tort actions in which monetary recovery ordinarily would be a poor substitute for a more appropriate education provided in a timely fashion.
I also agree with the Court that, under the circumstances of this case, res judicata bars Parini from litigating his independent cause of action. This is so because — while the Court does not expressly state it — Parini alleged the same underlying facts and issues with regard to his IDEA claim as he alleged in his independent cause of action. Once he failed to prevail on those facts and issues — here, in the IDEA claim at the OPI which was affirmed by the District Court and now by this Court — that final judgment is res judicata as to any further litigation on the same issues. As I understand the Court’s opinion, the same result would have obtained had Parini failed to seek judicial review of the adverse OPI decision and, instead, simply filed his independent action. In that event, the OPI decision would have become final without judicial review and res judicata would bar litigation of the tort action because the issues had been raised and a final decision rendered.
I join the Court in affirming the District Court.